FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 SEP 15 P 2: 46
CLERK SMcCarthy

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILBERT THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-056 |
| | ) | |
| RALPH KEMP, Warden, and HENRY WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissal of Plaintiff's complaint because Plaintiff has three strikes under § 1915(g). (Doc. no. 4, pp. 2-3). Additionally, Plaintiff did not satisfy the dictates of the "imminent danger" exception of § 1915(g), and thus, he failed to demonstrate that he should be excused from paying the full filing fee. (Id. at 3). Furthermore, the Magistrate Judge concluded, that even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history. (Id. at 4).

Plaintiff objects to the Report and Recommendation, stating that "Plaintiff, Wilbert

L. Thomas, has never filed any law suit previously in any court of the United States of America." (Doc. no. 6, p. 2). Plaintiff further states, "I have never advised this course of action, and most of all, am outraged that the Court would list me as the Plaintiff when I have absolutely nothing to do with the (3) cases mentioned." (Id.). In addition, Plaintiff argues that he has not, on 3 or more prior occasions, had a case dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted because "this is Mr. Wilbert L. Thomas['s] first and only civil action." (Id. at 3).

The Magistrate Judge relied on the following cases to determine that Plaintiff had amassed three strikes: (1) Thomas v. Haynes, Civil Case No. 592-253, doc. no. 6 (M.D. Ga. June 26, 1992) (dismissed as frivolous), *hereinafter* "CV592-253"; (2) Thomas v. Thomson, Civil Case No. 199-038, doc. no. 3 (M.D. Ga. Mar. 2, 1999) (dismissed as frivolous), *hereinafter* "CV199-038"; and (3) Thomas v. Nix, Civil Case No. 103-3358, doc. no. 3 (N.D. Ga. Nov. 18, 2003) (dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted), *hereinafter* "CV103-3358." The civil docket for CV 592-253 lists the plaintiff as Wilbert Lee Thomas, EF No. 241288, the civil docket for CV 199-038 lists the plaintiff as Wilbert Lee Thomas, EF No. 241288, and the civil docket for CV 103-3358 lists the plaintiff as Wilbert Thomas, GDC No. 426871.

Plaintiff's GDC No. is 426871, a review of the Department of Corrections website reveals that Wilbert Lee Thomas, Wilbert L. Thomas and Wilbert Thomas, EF No. 241288 and GDC No. 426871, are one in the same. Thus, contrary to Plaintiff's assertion, he has indeed previously filed cases in federal court. Moreover, Plaintiff's forceful assertion that this is the "first and only civil action" he has filed, is further undermined by the fact that,

pending before this Court is another civil action filed by Wilbert Thomas, GDC No. 426871.[1] See Thomas v. Kemp, Civil Case No. 308-073 (S.D. Ga. Aug. 1, 2008). Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed IFP is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice.

SO ORDERED this 15th day of Sept., 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Not surprisingly, the Wilbert Thomas in CV 308-073 is also housed at Wheeler Correctional Facility and has the same-styled handwriting as the Wilbert Thomas in this case.